IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ROBINS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                  Defendants. | No. 2:06-cv-02943-JKS-DAD<br><br>ORDER |

       Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On February 22, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. No objections to the Findings and Recommendations have been filed. Plaintiff did, however, file his complaint and an incomplete application to proceed *in forma pauperis*.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has reviewed the record on its face and finds that the Findings and Recommendations must be rejected.

       On January 10, 2007, the Magistrate Judge entered an order directing Plaintiff to file his complaint and a properly completed application to proceed *in forma pauperis* within 30 days. On March 7, 2007, subsequent to filing the Findings and Recommendations, the Magistrate Judge granted Plaintiff an additional 30 days within which to file his complaint and application to proceed *in forma pauperis*. Thus, Plaintiff had until April 9, 2007, within which to comply with the January 10, 2007, Order. On April 16, 2007, the Clerk of the Court filed a complaint (Docket No. 8) and a partially completed application to proceed *in forma pauperis* (Docket No.

9), both bearing a signature date of March 21, 2007.  On April 16, 2007, the Clerk of the Court also filed a Notice of Completion of Complaint bearing a signature date of April 11 in which Plaintiff asserts that on March 21, 2007, he delivered the complaint and application to proceed *in forma pauperis* to the mail room for delivery.  Applying the "mailbox rule" and construing the proceedings liberally in favor of the *pro se* prisoner plaintiff, the complaint was filed March 21, 2007.  Thus, Plaintiff timely complied with the Court's orders.

Ordinarily, the Court would recommit the matter to the Magistrate Judge for further proceedings, *i.e.*, screening the complaint under 28 U.S.C. § 1915A.  However, in the case at bar, the Court has reviewed the complaint and determined that, as presently drafted, it is deficient and fails to state a cause of action.  In particular, the Court is unable to determine among the more than 100 named defendants which defendants should be called upon to answer the complaint.  Plaintiff must generally allege sufficient facts to provide each defendant and the Court with notice as to which acts or omissions of the defendant violated clearly established law.  *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations).  There can be no liability under § 1983 absent an affirmative link between a defendant's actions and the claimed deprivation.  *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court also notes that the application to proceed *in forma pauperis* is incomplete in that the Certificate to be completed by an authorized officer of the institution has not been completed.

The following guide is provided Plaintiff to follow in drafting his amended complaint:

1. The complaint must—

   (a) comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice,

   (b) be submitted on the form provided with this order,

   (c) bear the docket number assigned to this case, and

            (d) be clearly captioned "Amended Complaint";

2.      Each claim must be separately identified and stated;

3.      Include only claims for violations of the Constitution or laws of the United States;

4       For each named defendant describe how that person is personally involved in violating Plaintiff's rights, *i.e*., specify what act or omission of the defendant violated plaintiff's rights and when that act or omission occurred; and

5.      If necessary, attach additional sheets.

In addition, at Docket No. 16 Plaintiff has filed yet another request for a TRO directing that Plaintiff be furnished writing and legal materials. The Court will deny this request without prejudice for the reasons set forth in the Order entered October 24, 2007, at Docket No. 14.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Findings and Recommendations filed February 22, 2007, are REJECTED;

2.      The request for a TRO at Docket No. 16 is DENIED, without prejudice;

3.      The complaint at Docket No. 8 is DISMISSED, without prejudice;

4.      Plaintiff is granted until **April 21, 2008**, to file an amended complaint complying with this Order and file a complete application to proceed *in forma pauperis*;

5.      The matter is recommitted to the Magistrate Judge for further proceedings; and

6.      The Clerk of the Court is directed to again send Plaintiff the form to be used by a prisoner filing a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* by a prisoner.

Dated: March 10, 2008.

                                                        s/ James K. Singleton, Jr.
                                                         JAMES K. SINGLETON, JR.
                                                          United States District Judge

ORDER
*Robins v. Calif. Dept. of Corrections*,
2:06-cv-02943-JKS-DAD                    3